**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA SMITH,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Civil Action No. 18-05000 (GC)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, U.S.D.J.**

  **THIS MATTER** comes before the Court upon Plaintiff's counsel's unopposed Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) of the Social Security Act. (ECF No. 21.) The Court decides the motion based on the written submissions of the parties and without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).

  On January 1, 2019, the Court (Thompson, J.) issued an Opinion and entered an Order in this action for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, that vacated the Commissioner of Social Security's decision and remanded for further consideration. (ECF Nos. 13 & 14.)

  Following the Court's decision, the parties submitted a consent order pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), that awarded Plaintiff $4,400.00 in attorney's fees and $400.00 in costs, which was entered by the Court on April 1, 2019. (ECF No. 16.) The consent order stated that the EAJA award was "without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406." (*Id.* at 2.)

On March 13, 2023, Plaintiff's counsel moved pursuant to 42 U.S.C. § 406 for fees to be awarded to Richard Frankel of Bross & Frankel, P.A., in the amount of $28,071.51.[1] (ECF No. 21.) Counsel explained that, following the Court's judgment vacating the Commissioner's decision, Plaintiff "was awarded retroactive benefits by the Social Security Administration, for the period of September 2014 through October 2022 with ongoing benefits in the amount of $2,037.00." (ECF No. 21-1 at 1-2.)

Counsel asks the Court to "award counsel attorney's fees in the amount of $28,071.51, which amount represents the contractual contingency fee of 25% of past-due benefits." (*Id.* at 2.) Counsel states that, "[u]pon receipt of the § 406(b) fee, Plaintiff's counsel shall remit to Plaintiff the $4,400.00 in attorney's fees which the Court previously awarded . . . pursuant to the Equal Access to Justice Act." (*Id.* at 2.) Attached to counsel's motion is an "itemization of services rendered" that reflects 26.3 hours expended on the civil action. (ECF No. 21-4.) Also attached is the contingency fee agreement between Plaintiff and counsel that states that Plaintiff agreed to a fee of twenty-five percent of past-due benefits. (ECF No. 21-6.) Counsel also provides a copy of the October 31, 2022 notice of award from the Social Security Administration that states that Plaintiff was awarded $112,287.00 in past-due benefits and that the agency "withheld $28,071.51 from [Plaintiff's] past due benefits . . . to pay your representative." (ECF No. 21-7.)

Defendant filed a response to the motion that states that "Defendant neither supports nor opposes counsel's request for attorney's fees." (ECF No. 23.) Defendant writes that the Commissioner's role is to be "a trustee for claimants" and that it is for the Court to decide if the

---

[1]   Plaintiff's counsel initially moved for $24,383.75 in fees in September 2022 (*see* ECF No. 17), but the motion was withdrawn because it was represented that the notice of award needed to be corrected (*see* ECF No. 20).

request is reasonable under the law. (ECF No. 23 at 2 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)).)

The attorney-fee provision of the Social Security Act states:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

[42 U.S.C. § 406(b)(1)(A).]

Contingent fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. The Social Security Act "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* There is one firm "boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* Factors that may weigh in favor of reducing a fee award include "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* While a litigant may be awarded fees under both the EAJA and the Social Security Act, the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits. *Id.* at 796.

Here, Plaintiff's counsel seeks the maximum twenty-five percent contingency fee, in the total amount of $28,071.51, for the approximately 26.3 hours spent litigating that resulted in the Court vacating the Commissioner's earlier decision and Plaintiff eventually becoming entitled to $112,287.00 in past-due benefits. Although the attorney's fee amount compared to the number of

3

hours expended by counsel is on the higher end of what the Court believes is reasonable, there is no evidence of delay or other factors that convince the Court it is necessary under the present circumstances to reduce the award sought. The Court has reviewed the itemization of services rendered and believes the time attributed to particular tasks is reasonable, and counsel's work resulted in a favorable decision to Plaintiff. Further, counsel has significant experience representing claimants in Social Security matters and took the representation on a contingency basis, which meant that there was a chance counsel could have received nothing if the decision had been unfavorable. Canvassing similar cases, the Court has identified fee awards in the same general per hour amount. *See, e.g., Acosta v. Comm'r Soc. Sec.*, Civ. No. 22-1454, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) ($18,303.25 in fees for 17.1 hours); *Mignone v. Comm'r of Soc. Sec.*, Civ. No. 13-6054, 2018 WL 259949, at *2 (D.N.J. Jan. 2, 2018) ($29,500.00 in fees for 34.7 hours).

Accordingly, the Court finds that, on balance, the present contingent fee arrangement comports with § 406(b) and is reasonable. The Court will award Plaintiff's counsel the twenty-five percent of past-due benefits sought and will order counsel to remit to Plaintiff the prior award made under the EAJA. For these reasons, and other good cause shown,

**IT IS** on this 10th day of August, 2023, **ORDERED** as follows:

1. Plaintiff's counsel's Motion for Attorney's Fees is **GRANTED**, and Richard Frankel of Bross & Frankel, P.A., is awarded attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $28,071.51 (or 25% of past-due benefits due to Plaintiff by reason of this Court's judgment, whichever is less).

2. Plaintiff's counsel shall remit to Plaintiff the $4,400.00 in attorney's fees previously awarded (*see* ECF No. 16) under the Equal Access Justice Act, 28 U.S.C. § 2412.

3. Plaintiff's counsel is directed to send a copy of this Memorandum & Order to Plaintiff within two (2) business days.

4. The Clerk is directed to **TERMINATE** the motion pending at ECF No. 21.

_Georgette Castner_
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**